IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**CAROLYN D. WILLIAMS**                                             **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 4:22-CV-117-RP**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

## OPINION AND JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on March 31, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is not supported by substantial evidence and should be reversed. The Plaintiff's application for benefits is granted and this matter is remanded for a determination of benefits.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

---

1 *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

1

is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by

---

2 *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

3 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

4 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

5 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

6 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

7 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

8 *Muse*, 925 F.2d at 789.

substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### Commissioner's Decision

---

9 *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

10 *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, she found that the plaintiff has the severe impairments of: diabetes mellitus and hypertension. At step three, she found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work but cannot perform work that requires fine visual acuity at 20 feet or more. At step four, the ALJ found that the plaintiff is able to perform her past relevant work as an office clerk and, as such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the Commissioner's decision should be reversed primarily because the ALJ failed to properly examine the medical opinion of the plaintiff's treating physician under the correct regulation as ordered by the Appeals Council. The court agrees.[11]

The plaintiff filed her application on March 6, 2017. Prior to the decision that is the subject of this appeal, the plaintiff received three successive unfavorable decisions following administrative hearings, each of which decisions was then remanded by the Appeals Council. As to the third unfavorable decision, the Appeals Council found, among other errors, that the ALJ applied the incorrect legal standard when evaluating the opinion of treating physician Mack Gorton, M.D., who assessed several limitations which, if included in the RFC either singly or in combination with others, would result in a finding of disabled. The disabling limitations assessed by Dr. Gorton include exertional limitations; severe pain or other symptom that would

---

[11] The plaintiff makes other arguments of error on appeal, and for the reasons announced on the record at the conclusion of oral argument, the court finds no reversible error in connection with those arguments.

constantly interfere with the plaintiff's attention and concentration needed to perform even simple work tasks; and time off task and absenteeism likely to result from the plaintiff's impairments. The ALJ found Dr. Gorton's assessment to be unpersuasive without assigning specific weight to it. However, because the plaintiff's application was filed before March 27, 2017, the applicable regulation requires the ALJ to specify the weight given to the opinion rather than evaluate its persuasiveness. 20 C.F.R. § 404.1527. As such, the Appeals Council remanded the ALJ's decision with instructions to evaluate Dr. Gorton's opinion in accordance with the correct regulation and explain the weight given to the opinion.

On remand, the ALJ held another administrative hearing and afterwards issued another unfavorable decision in which, after reciting the limitations assessed by Dr. Gorton, the ALJ provided the following analysis:

> These opinions are not supported by Dr. Gordan's [sic] own examination findings or those from other physicians (see Indianola Family Medical and Delta Health Center records). For example, at an appointment on September 11, 2017, the claimant reported feeling weak, but on exam, Dr. Gordon [sic] noted normal gait, no musculoskeletal clubbing or weakness, normal range of motion, normal cranial nerves, normal reflexes, and normal sensation. The claimant was alert and oriented times three with intact memory, normal effect, normal judgment, and normal insight (B11F). Dr. Gordan's [sic] proffered limitations are not supported with commentary or explanatory text sufficient to justify the proffered limitations and they are inconsistent with other exams during the relevant period that reflect a capacity for light work subject to a visual limitation related to diabetes with diabetic retinopathy. As such, Dr. Gordon's [sic] opinion(s) are given little weight.

The plaintiff argues in the present appeal that the ALJ failed to evaluate Dr. Gorton's opinion in accordance with 20 C.F.R. § 404.1527 as directed by the Appeals Council, and that the ALJ erroneously rejected Dr. Gorton's opinion without conducting a detailed analysis using the prescribed criteria as required by *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000). The

court finds there is ambiguity whether the ALJ used the correct legal standard set forth in 20 C.F.R. § 404.1527 or whether, on the other hand, she erroneously used the standard applicable to applications filed on or after March 27, 2017 set forth in 20 C.F.R. § 404.1520c. The court finds further that even if the ALJ used the correct legal standard, the ALJ erroneously rejected Dr. Gorton's opinions without conducting the required *Newton* analysis, and the error is not harmless. As such, the Commissioner's decision must be reversed.

Under the older regulatory regime, which should be applied in this case, the opinions of treating physicians, in the absence of a showing of good cause, are to be accorded great weight in determining disability. *Newton,* 209 F.3d at 455-56. When determining that a treating physician's opinion is not entitled to "controlling weight," an ALJ must consider the following factors: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.* at 456 (citing 20 C.F.R. § 404.1527). In the absence of reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the treating physician's opinion *only* if the ALJ performs a detailed analysis of the physician's views using the prescribed criteria. *Id.* at 453. This detailed analysis is sometimes referred to as a "*Newton* analysis."

Under the newer regulatory regime, on the other hand, the presumed supremacy of the opinions of treating physicians is no more, and ALJs are directed to determine whether the opinions of any medical expert – whether treating, examining, or non-examining – taken as a

whole, are persuasive. 20 C.F.R. § 404.1520c. While the factors to be considered in determining persuasiveness are largely the same as the *Newton* factors, the factors of supportability and consistency are now the most important, and ALJs are required to address only those two factors in their decisions. *Id.*

In the present case, the court cannot determine whether the ALJ applied the correct regulation when evaluating Dr. Gorton's opinions. The circumstances here are very similar to those this court faced in *Dotson v. Kijikazi,* in which the court, attempting to determine which regulatory regime the ALJ applied when evaluating a treating physician's opinion, stated:

> Based on its reading of the decision, the court cannot be sure which set of regulations and case law were actually applied by the ALJ. Because the treating physician's opinion, if accepted, would necessarily lead to a favorable decision and because under the applicable law and regulations, strong presumptions favor accepting that opinion, ambiguity about what law was applied is prejudicial.
>
> And there is ambiguity. The problem in this case is the ALJ's analysis of … the treating physician's opinions … reads exactly like a persuasiveness analysis under the new regulations, excepting only that the decision references "weight" rather than "persuasiveness."

No. 4:20-CV-169-DAS, 2022 WL 180654, at *2 (N.D. Miss. Jan. 19, 2022). With respect to Dr. Gorton's assessment in the present case, only the factors of supportability and consistency are discussed in the ALJ's decision, and "[n]othing in this analysis indicates an awareness of or consideration of the presumption that these opinions were entitled to controlling or great weight." *Id.* at *3. "What is shown is a persuasiveness analysis as if the new regulation applied." *Id.* The court is unable to determine whether the ALJ applied the correct legal standard, and this alone requires reversal. *See Hughes v. Shalala,* 23 F.3d 957, 959 (5th Cir. 1994) (vacating judgment affirming denial of benefits "[b]ecause we are unable to determine if the ALJ used the correct legal standard").

7

Even if the court were able to conclude that the ALJ applied the correct regulatory regime in evaluating Dr. Gorton's assessment, the fact would remain that because a number of Dr. Gorton's opinions – such as his opinions of the plaintiff's time off task and absenteeism likely to result from her impairments – are uncontroverted by any treating or examining physician, the ALJ was not permitted to reject Dr. Gorton's assessment without performing a *Newton* analysis, which the ALJ did do. This error is not harmless, because if the ALJ had addressed all the *Newton* factors, including those which favor Dr. Gorton's opinions such as the nature and extent of the treatment relationship and the frequency of examinations, it is not inconceivable that Dr. Gorton's opinions would have been given greater weight and a different administrative conclusion would have been reached. *See Keel v. Saul,* 986 F.3d 551, 556 (2021) ("Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err.")

Having determined that the Commissioner's decision should be reversed, the court must determine whether to remand this case for yet further administrative review or to grant benefits. In making this determination, the court looks to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129.

The plaintiff filed her application for benefits over six years ago. There have been three Appeals Council remands of unfavorable ALJ decisions, and there have been four administrative hearings. The record is complete. The Commissioner has failed to establish good cause, using the proper regulatory standard, for giving less than controlling weight to the plaintiff's treating

8

physician's opinions that weigh in favor of a finding of disabled. An award of benefits at this stage would avoid further undue delay in the determination of the plaintiff's application and would further the interests of justice and equity. The court finds that an award of benefits is appropriate and that this case should be remanded for the sole purpose of determining the amount of benefits to be awarded.

For these reasons and those announced on the record at the conclusion of oral argument, the Commissioner's decision is <u>reversed</u>, an award of benefits is granted, and this case is remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Social Security Act.

SO ORDERED AND ADJUDGED, this, the 4th day of April, 2023.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE